Mr. Barry Emigh 1104 7th Street Hot Springs, AR 71913-4225
Dear Mr. Emigh:
You have requested certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of a popular name and ballot title for a proposed constitutional amendment. You have previously submitted fifteen similar measures, thirteen of which I rejected due to ambiguities in the text of your proposed amendments. See Op. Att'y Gen. Nos. 2002-118, 2002-102, 2002-077, 2002-042, 2002-026, 2002-001, 2001-380, 2001-358, 2001-341, 2001-173, 2001-110, 2001-095 and 2001-074. My office has revised and certified popular names and ballot titles for two similar measures, as evidenced by Op. Att'y Gen. Nos. 2001-129 and 2001-196. You have since made additional changes to your measure and submitted a revised popular name and ballot title for my certification. Your proposed popular name and ballot title state:
 Popular Name AN AMENDMENT AUTHORIZING BINGO AND RAFFLES BY NON PROFIT ORGANIZATIONS INCORPORATED IN THE STATE, THE ORGANIZATION OF A CORPORATION BY BARRY LEE EMIGH TO OPERATE, HIRE PERSONS AND SUBCONTRACT INDEPENDENT CONTRACTOR(S) TO OPERATE FOR PROFIT GAMBLING, EMPOWERING THE GENERAL ASSEMBLY TO OPERATE A LOTTERY OR LOTTERIES, AND FOR THE GENERAL ASSEMBLY TO CALL A SPECIAL SESSION
 Ballot Title AN AMENDMENT TO THE ARKANSAS CONSTITUTION AUTHORIZING THE OPERATION OF BINGO AND RAFFLES BY NON PROFIT ORGANIZATIONS INCORPORATED IN THE STATE; REQUIRING BARRY LEE EMIGH TO ORGANIZE A CORPORATION AS THE INCORPORATOR FOR THE PURPOSE OF OPERATING GAMBLING TO BE ENTITLED THE "DIAMOND STATE CASINOS, LIMITED" WITH THE RIGHT OF BARRY LEE EMIGH FOR ANY REASON TO APPOINT ANOTHER PERSON TO REPLACE HIM AS THE INCORPORATOR; AUTHORIZING THE INCORPORATOR TO APPOINT 6 PERSONS AS CORPORATE BOARD DIRECTORS TO ESTABLISH THE BOARD OF DIRECTORS OF THE "DIAMOND STATE CASINOS, LIMITED"; REQUIRING THE SECRETARY OF STATE TO INCORPORATE THE "DIAMOND STATE CASINOS, LIMITED" UPON FILED APPLICATION WITH THE NAMES OF THOSE APPOINTED CORPORATE BOARD DIRECTORS BY THE INCORPORATOR WHEREIN THE REQUIREMENT OF THE INCORPORATOR IS FULLFILLED [FULFILLED]; PROVIDING EACH SIGNATURE THE SECRETARY OF STATE COUNTS AS VALID TO PLACE THIS AMENDMENT ON THE BALLOT WITH EXCEPTION OF A CANVASSER'S SIGNATURE ON A PETITION AS PETITIONER WITH THEIR SIGNATURE ON THAT PETITION AS CANVASSER SHALL BE COUNTED AS 2 SHARES OF STOCK WITH BARRY LEE EMIGH AS THE AUTHOR AND SPONSOR OF THIS AMENDMENT RECEIVING 1 OF 2 SHARES WITH THE CANVASSER RETAINING THE OTHER SHARE WITH ALL SHARES OF STOCK FILED AS PREFERRED STOCK WITH THE APPROPRIATE STATE AND FEDERAL SECURITIES DEPARTMENT(S) BY THE CORPORATE BOARD OF DIRECTORS OF THE DIAMOND STATE CASINOS, LIMITED"; REQUIRING THE CORPORATE BOARD OF DIRECTORS OF THE "DIAMOND STATE CASINOS, LIMITED" TO ABIDE BY ALL THE LAWS, RULES AND REGULATIONS OF THE STATE NOT PROVIDED FOR DIFFERENTLY WITHIN THE PROVISIONS OF THIS AMENDMENT AND TO FULLFILL [FULFILL] ANY AND ALL OTHER REQUIREMENTS REQUIRED OF ALL OTHER CORPORATIONS INCORPORATED IN THE STATE NOT PROVIDED FOR DIFFERENTLY WITHIN THE PROVISIONS OF THIS AMENDMENT TO INCLUDE PROVIDING THE SECRETARY OF STATE WITH THE "BY LAWS" THAT SHALL GOVERN THE CORPORATION AND FILLED APPLICATION FOR THE REGISTRATION OF PREFERRED STOCK AS PROVIDED TO THE CANVASSERS; REQUIRING THE "DIAMOND STATE CASINOS, LIMITED" AND THOSE PERSONS HIRED AND SUBCONTRACTED AS INDEPENDENT CONTRACTORS TO OPERATE GAMBLING TO PAY ALL STATE AND LOCAL TAXES AS APPLICABLE AND TO OBTAIN AND PAY FOR ANY LICENSES AND PERMITS NOT EXEMPTED WITHIN THE PROVISIONS OF THIS AMENDMENT; EXEMPTING THE CORPORATE BOARD OF DIRECTORS OF THE "DIAMOND STATE CASINOS, LIMITED" FROM CALLING AN ANNUAL MEETING OF THE STOCK HOLDERS WITH THE RIGHT OF THE STOCK HOLDERS BY PETITION TO REQUIRE THE BOARD OF DIRECTORS TO CALL A MEETING OF THE STOCK HOLDERS; AUTHORIZING THE "DIAMOND STATE CASINOS, LIMITED" UPON INCORPORATION TO OPERATE, HIRE AND SUBCONTRACT ANY INDEPENDENT CONTRACTOR(S) TO OPERATE GAMBLING WITHOUT LICENSE, OR FEE BY THE STATE, OR ANY SUBDIVISION OR AGENCY THEREOF, ON ANY DAY FOR THE WHOLE OF A TWENTY-FOUR HOUR DAY WITHIN THE INTERIOR AREA OF ONE STRUCTURE WITHIN EACH OF THE FOLLOWING COUNTIES OF CRAWFORD, JEFFERSON, PULASKI, GARLAND, MILLER, CRITTENDEN, MISSISSIPPI, BENTON AND QUACHITA WITH SUCH STRUCTURE LOCATED WITHIN THOSE COUNTIES OR WITHIN ANY CITY AND TOWN WITHIN THOSE COUNTIES WITH THE SALE AND COMPLIMENTARY SERVICE OF ALCOHOLIC BEVERAGES WITHOUT LICENSE, OR FEE BY THE STATE, OR ANY SUBDIVISION OR AGENCY THEREOF, WITHIN THE INTERIOR AREA OF THOSE STRUCTURES USED FOR GAMBLING ONLY DURING THE OPERATION OF GAMBLING (INCLUDING THOSE COUNTIES, CITIES AND TOWNS IN WHICH THE SALE OF ALCOHOLIC BEVERAGES IS OTHERWISE PROHIBITED); AUTHORIZING THE LEGAL SHIPMENT OF GAMBLING DEVICES; EMPOWERING THE GENERAL ASSEMBLY WITHOUT CONSENT OF THE GOVERNOR OF THE STATE TO OPERATE A LOTTERY OR LOTTERIES AND TO COOPERATE TO OPERATE ANY NUMBER OF OTHER LOTTERIES WITH ANY OTHER STATE OR STATES WHICH SIGNIFICANTLY CHANGES CURRENT LAWS EFFECTING GAMBLING; REQUIRING THE GOVERNOR UPON PETITION BY A MAJORITY OF EACH HOUSE OF THE GENERAL ASSEMBLY TO CALL A SPECIAL SESSION OF THE GENERAL ASSEMBLY WHICH SIGNIFICANTLY CHANGES CURRENT LAWS EFFECTING THE "CHECKS AND BALANCES" OF GOVERNMENTAL POWERS AND THE AUTHORITY OF THE GOVERNOR; DEFINING "BINGO" AS THE RISKING OF MONEY ON A GAME PLAYED WITH NUMBERED CARDS CORRESPONDING TO NUMBERED BALLS DRAWN AT RANDOM TO WIN A PRIZE OR MONEY; DEFINING "RAFFLE OR RAFFLES" AS THE RISKING OF MONEY FOR THE DISTRIBUTION OF A PRIZE AMONG PERSONS WHO HAVE PAID FOR A CHANCE TO OBTAIN A PRIZE BUT SHALL EXCLUDE MONEY AS A PRIZE; DEFINING "GAMBLING" AS THE RISKING OF MONEY BETWEEN PERSONS WHERE ONE IS LOSER AND OTHER GAINER WITH GAMES OF CHANCE OR SKILL AND ANY COMBINATION THEREOF TO INCLUDE BUT NOT LIMITED TO SUCH GAMES WITH THE USE OF ROULETTE WHEELS, SLOT MACHINES, AND GAMING TABLES FOR THE USE OF CARDS AND DICE, BUT SHALL EXCLUDE THE OPERATION OF A "LOTTERY OR LOTTERIES"; DEFINING "LOTTERY OR LOTTERIES" AS THE "TYPICAL FORM" OF A LOTTERY CHARACTERIZED BY THE ARKANSAS SUPREME COURT WHICH INVOLVES THE SALE OF A LARGE NUMBER OF CHANCES RELATIVE TO THE SELECTION OF A SMALL NUMBER OF WINNERS BY A DRAWING DETERMINED BY CHANCE ALONE; DEFINING "STRUCTURE" AS ANY KIND AND SIZE OF BUILDING WITH ANY ATTACHED ADDITIONS CONSIDERED A SINGLE STRUCTURE TO INCLUDE ANY KIND AND SIZE OF ANCHORED WATER VESSEL WITH ANY ATTACHED ADDITIONS TO THAT WATER VESSEL CONSIDERED A SINGLE STRUCTURE; THE PROVISIONS OF THIS AMENDMENT SHALL TAKE EFFECT IMMEDIATELY UPON PASSAGE OF THIS AMENDMENT EXCEPT AS OTHERWISE PROVIDED AND REQUIRING THE GENERAL ASSEMBLY AND ANY AND ALL STATE OR LOCAL RULE MAKING AUTHORITIES TO MAKE ALL OTHER AND FURTHER LAWS AND REGULATIONS TO THE ENFORCEMENT OF THIS CONSTITUTIONAL AMENDMENT; MAKING THE PROVISIONS OF THIS AMENDMENT SEVERABLE; AND REPEALING ALL LAWS AND CONSTITUTIONAL AMENDMENTS IN CONFLICT WITH THIS AMENDMENT;
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five-minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Pluggev. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic ActionCommittee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citingLeigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the proposed amendment:
 Popular Name AN AMENDMENT AUTHORIZING THE OPERATION OF GAMBLING BY A CORPORATION TO BE ORGANIZED BY BARRY LEE EMIGH, BINGO AND RAFFLES BY NON PROFIT ORGANIZATIONS, LOTTERIES BY THE GENERAL ASSEMBLY, AND SPECIAL LEGISLATIVE SESSIONS UPON PETITION OF THE GENERAL ASSEMBLY
 Ballot Title AN AMENDMENT TO THE ARKANSAS CONSTITUTION PROVIDING FOR THE INCORPORATION OF THE "DIAMOND STATE CASINOS, LIMITED" BY BARRY LEE EMIGH OR HIS APPOINTEE FOR THE PURPOSE OF OPERATING GAMBLING WITHIN ONE (1) UNIDENTIFIED STRUCTURE IN EACH OF THE FOLLOWING COUNTIES: CRAWFORD, JEFFERSON, PULASKI, GARLAND, MILLER, CRITTENDEN, MISSISSIPPI, BENTON AND OUACHITA; AUTHORIZING THE OPERATION OF BINGO AND RAFFLES BY NON PROFIT ORGANIZATIONS INCORPORATED IN THE STATE; AUTHORIZING THE GENERAL ASSEMBLY TO OPERATE A LOTTERY OR LOTTERIES AND TO COOPERATE WITH OTHER STATES TO OPERATE ANY NUMBER OF OTHER LOTTERIES; REQUIRING THE GOVERNOR TO CALL A SPECIAL LEGISLATIVE SESSION FOR ANY SPECIFIED PURPOSE AND LENGTH ANY TIME A MAJORITY OF EACH HOUSE OF THE ARKANSAS GENERAL ASSEMBLY PETITIONS THE GOVERNOR, THUS AFFECTING THE GOVERNOR'S CURRENT AUTHORITY UNDER ARTICLE 6, SECTION 19 OF THE ARKANSAS CONSTITUTION TO CALL SPECIAL SESSIONS; AUTHORIZING BARRY LEE EMIGH OR HIS APPOINTEE TO APPOINT THE INITIAL BOARD OF DIRECTORS OF THE "DIAMOND STATE CASINOS, LIMITED"; PROVIDING THAT WITH THE EXCEPTION OF A CANVASSER'S SIGNATURE, EACH VALID SIGNATURE OBTAINED BY A CANVASSER TO PLACE THIS AMENDMENT ON THE BALLOT SHALL BE COUNTED AS TWO (2) SHARES OF STOCK IN THE "DIAMOND STATE CASINOS, LIMITED," WITH BARRY LEE EMIGH RECEIVING ONE (1) OF THE TWO (2) SHARES AND THE CANVASSER RETAINING THE OTHER SHARE; PROVIDING THAT SUCH SHARES OF STOCK SHALL BE FILED AS PREFERRED STOCK; AUTHORIZING THE "DIAMOND STATE CASINOS, LIMITED" TO OPERATE GAMBLING AND TO HIRE AND SUBCONTRACT PERSONS TO OPERATE GAMBLING TWENTY-FOUR (24) HOURS A DAY ON ANY DAY WITHIN THE NAMED COUNTIES, INCLUDING ANY CITY OR TOWN THEREIN, WITHOUT LICENSE, FEE, OR PERMIT BY THE STATE OR ANY SUBDIVISION THEREOF; PROVIDING THAT GAMBLING MAY BE OPERATED WITHIN THE INTERIOR AREA OF NOT MORE THAN ONE STRUCTURE IN EACH OF THE NAMED COUNTIES; DEFINING "STRUCTURE" AS A SINGLE BUILDING OF ANY KIND AND SIZE, INCLUDING ANY ANCHORED WATER VESSEL; PROVIDING THAT THE "STRUCTURE" SHALL INCLUDE ANY KIND AND SIZE OF ATTACHED ADDITIONS AS PART OF THE SINGLE BUILDING; PERMITTING THE SALE AND COMPLIMENTARY SALE OF ALCOHOLIC BEVERAGES WITHOUT LICENSE, FEE, OR PERMIT DURING THE OPERATION OF GAMBLING WITHIN THE STRUCTURES USED FOR GAMBLING; PERMITTING SUCH SALE AND COMPLIMENTARY SERVICE OF ALCOHOL NOTWITHSTANDING ANY PROHIBITION AGAINST THE SALE OF ALCOHOL IN THE COUNTY, CITY, OR TOWN; AUTHORIZING THE LEGAL SHIPMENT OF GAMBLING DEVICES; EXEMPTING THE BOARD OF DIRECTORS OF THE "DIAMOND STATE CASINOS, LIMITED" FROM CALLING AN ANNUAL MEETING OF THE STOCKHOLDERS; PROVIDING THAT THE STOCKHOLDERS MAY PETITION FOR AN ANNUAL MEETING ONLY FOR THE PURPOSE OF DISMISSING OR ELECTING DIRECTORS; DEFINING "BINGO" AS THE RISKING OF MONEY ON A GAME PLAYED WITH NUMBERED CARDS CORRESPONDING TO NUMBERED BALLS DRAWN AT RANDOM TO WIN A PRIZE OR MONEY; DEFINING "RAFFLE OR RAFFLES" AS THE RISKING OF MONEY FOR THE DISTRIBUTION OF A PRIZE AMONG PERSONS WHO HAVE PAID FOR A CHANCE TO OBTAIN A PRIZE, BUT EXCLUDING MONEY AS A PRIZE; DEFINING" GAMBLING" AS THE RISKING OF MONEY BETWEEN PERSONS ON ANY CONTEST OR CHANCE WHERE ONE MUST BE LOSER AND THE OTHER GAINER, INCLUDING BUT NOT LIMITED TO GAMES OF CHANCE OR SKILL AND ANY COMBINATION THEREOF INVOLVING THE USE OF ROULETTE WHEELS, SLOT MACHINES, AND GAMING TABLES FOR THE USE OF CARDS AND DICE; EXCLUDING FROM THE DEFINITION OF "GAMBLING" THE OPERATION OF A "LOTTERY OR LOTTERIES"; DEFINING "LOTTERY OR LOTTERIES" AS THE TYPICAL FORM OF A LOTTERY CHARACTERIZED BY THE ARKANSAS SUPREME COURT WHICH INVOLVES THE SALE OF A LARGE NUMBER OF CHANCES RELATIVE TO THE SELECTION OF A SMALL NUMBER OF WINNERS BY A DRAWING DETERMINED BY CHANCE ALONE; MAKING THE PROVISIONS OF THE AMENDMENT EFFECTIVE IMMEDIATELY UPON PASSAGE EXCEPT AS OTHERWISE PROVIDED; REQUIRING THE GENERAL ASSEMBLY AND STATE AND LOCAL RULE MAKING AUTHORITIES TO MAKE ALL OTHER LAWS AND REGULATIONS FOR THE ENFORCEMENT OF THE AMENDMENT; MAKING THE AMENDMENT SEVERABLE; AND REPEALING ALL LAWS AND CONSTITUTIONAL AMENDMENTS IN CONFLICT WITH THE AMENDMENT.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
MARK PRYOR Attorney General
MP/cyh
Enclosure